808 F.2d 835
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Junius Lee JAMES, Plaintiff-Appellant,
v.
Allyn R. SIELAFF, Director, Virginia Department of
Corrections, Defendant- Appellee,
 No. 86-6699.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 29, 1986.
Decided Dec. 18, 1986.
 
 Before HALL, SPROUSE and WILKINS, Circuit Judges
 Junius Lee James, appellant pro se.
 Thomas Drummond Bagwell, Office of the Attorney General, for appellee.
 PER CURIAM:
 
 
 1
 Junius Lee James, a Virginia inmate, seeks to appeal the judgment of the district court dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. In his petition James alleges that he was denied the effective assistance of counsel guaranteed by the Sixth Amendment because of his trial counsel's failure to take certain actions before, and during, his trial. The case was referred to a magistrate pursuant to 28 U.S.C. Sec. 636(b)(1)(B) and (C). The magistrate, without holding an evidentiary hearing, addressed all of James' claims and found that none of them entitled him to relief. James filed timely objections to the magistrate's report. In an opinion and final order filed July 14, 1986, the district court, after de novo review of those portions of the magistrate's report objected to, adopted the report and recommendation submitted by the magistrate and dismissed the petition.
 
 
 2
 James alleges in his informal brief filed in this appeal that the district court erred in not holding an evidentiary hearing on his claim. James' primary complaint concerns his trial counsel's choice of defense strategy pursued at his trial. James did not testify at his trial and the defense offered no evidence. Instead, the defense attacked the identification testimony of the undercover police officer who purchased the heroin from James. James also indicated prior to the commencement of his trial that he had discussed possible defenses with his attorney. James now contends that his counsel was ineffective for not pursuing an entrapment defense or a defense of accommodation instead of the misidentification defense. James has not shown a reasonable probability that an entrapment defense or an accommodation defense would have succeeded had either, or both of them, been pursued; nor has he shown any actual prejudice to him as a result of his counsel's failure to pursue these defenses. See Strickland v. Washington, 466 U.S. 668, 694 (1984). Similarly, the other allegations of counsel ineffectiveness that James raises in his petition do not present factual issues which require resolution through an evidentiary hearing. Accordingly, we do not find, under the facts of this case, any error on the part of the district court in refusing to hold an evidentiary hearing.
 
 
 3
 A review of the record and the district court's opinion accepting the magistrate's recommendation discloses that an appeal from its order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254 would be without merit. Because the dispositive issues recently have been decided authoritatively, we deny a certificate of probable cause to appeal, dispense with oral argument, and dismiss the appeal on the reasoning of the district court. James v. Sielaff, C/A No. 85-857-N (E.D.Va., July 14, 1986).
 
 
 4
 DISMISSED.